DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

May 06 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> GEOFFREY MARK PALERMO, <br> Defendant. | CASE NO. CR20-190JD <br><br> VIOLATION: <br> 18 U.S.C. §§ 1343, 1346 –Wire Fraud and Honest Services Wire Fraud; <br> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

# I N F O R M A T I O N

The United States Attorney charges:

## Introductory Allegations

At all times relevant to this Information:

1. Justice Investors LP ("Justice Investors") was a California limited partnership, with its principal place of business in Los Angeles, California. Justice Investors owned and operated the Hilton Hotel at 750 Kearny Street in San Francisco, California ("Hotel").

2. The defendant, GEOFFREY MARK PALERMO, was a Managing Director of Justice Investors from approximately November 2008 until his resignation on or about June 8, 2016. As an officer of Justice Investors, PALERMO owed fiduciary duties to Justice Investors, including the duty to refrain from self-dealing.

INFORMATION

3. From on or about December 1, 2013 through on or about June 8, 2016, an entity controlled by PALERMO, GMP Management Corporation ("GMP"), had a Management Services Agreement with Justice Investors for administration and management of the Hotel for a term of three years. Pursuant to the Management Services Agreement, Justice Investors paid GMP set management fees—$325,000 the first year, with a five percent cost-of-living increase for each of the next two years. GMP prepared annual budgets for Justice Investors and was generally not supposed to receive payments in excess of the agreed upon management fees and annual budget without the prior approval of Justice Investors.

4. PALERMO was the President of GMP and had authority, under the Management Services Agreement, to enter into contracts on behalf of Justice Investors and to choose contractors and otherwise manage construction and capital improvement projects at the hotel. Contracts for over $25,000 were to be approved by Justice Investors, and payments in excess of $25,000 required approval by Justice Investors and co-signature of at least one employee of GMP in addition to PALERMO.

5. PALERMO opened Justice Investors accounts at East West Bank and had check signing authority for these accounts from in or about December 2013 until his resignation in June 2016. PALERMO would have the hotel's controller wire funds from the hotel's operating accounts to the Justice Investors' accounts.

6. Contractor A owned and operated a construction company and a consulting firm in San Francisco, California. Contractor A worked on various construction projects at the Hotel beginning no later than in or around 2010. In late 2013, PALERMO selected Contractor A's construction company to be the general contractor for a large renovation project at the Hotel. Contractor A was paid over $2 million by Justice Investors in 2014 and 2015 for work performed in connection with the renovation project.

COUNT ONE: (18 U.S.C. §§ 1343 and 1346 – Wire Fraud, Honest Services Wire Fraud)

7. Beginning no later than in or about December 2013 and continuing through in or about June 2016, in the Northern District of California and elsewhere, the defendant

GEOFFREY MARK PALERMO,

and others, devised and intended to devise a scheme and artifice to defraud as to a material matter, and

INFORMATION 2

to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts, and to deprive Justice Investors of the defendant's honest and faithful services, through bribery and kickbacks.

8. As part of the manner and means of carrying out the scheme and artifice, PALERMO, while an officer and fiduciary of Justice Investors, secretly demanded, received, and accepted money and things of value from Contractor A in exchange for PALERMO's failing to faithfully perform his duties under the Management Services Agreement, contrary to the interests of Justice Investors, including but not limited to, by approving and causing Justice Investors to pay false and/or inflated invoices from Contractor A. PALERMO also engaged in certain conduct and made, in sum and substance, materially false and fraudulent pretenses, representations, and promises to Justice Investors and concealed material facts from Justice Investors including but not limited to, directing other GMP employees to sign checks to Contractor A's companies and converting for his own use the money he unlawfully obtained.

9. On or about May 11, 2015, in the Northern District of California and elsewhere, the defendant and others involved in the scheme and artifice, for the purpose of executing the aforementioned scheme and artifice to defraud, as defined by 18 U.S.C. §§ 1343 and 1346, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, electronic images of check #33412 for $40,000 from Contractor A's account at Trans Pacific National Bank in San Francisco, California, to a bank account owned and controlled by PALERMO at East West Bank in Pasadena, California.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

FORFEITURE ALLEGATION:		(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

10. The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

11. Upon conviction for the offense set forth in this Information, the defendant,

GEOFFREY MARK PALERMO,

INFORMATION			3

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of the commission of the offense, including a 2015 Ferrari F12 (VIN No. ZFF74UFA0F0210411).

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: May 6, 2020

DAVID L. ANDERSON
United States Attorney

*Katherine L Wawrzyniak*
KATHERINE L. WAWRZYNIAK
Assistant United States Attorney

INFORMATION    4

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

18 U.S.C. §§ 1343, 1346 -- Wire Fraud and Honest Services Wire Fraud
18 U.S.C. § 981 and 28 U.S.C. § 2461(c) – Criminal Forfeiture.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum Penalties:
20 years imprisonment;
$250,000 fine, or twice the gross gain/loss;
$100 special assessment; and
3 years' supervised release.

### DEFENDANT - U.S

▶ Geoffrey Mark Palermo

DISTRICT COURT NUMBER
CR20-190JD

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Katherine L. Wawrzyniak

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
_____

Comments:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

FILED

May 06 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT
# NORTHERN DISTRICT OF CALI

# CRIMINAL COVER SH

**Instructions:** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| **CASE NAME:** USA v. Geoffrey Mark Palermo | **CASE NUMBER:** CR 20-190JD |
| **Is This Case Under Seal?** | Yes ✔ No |
| **Total Number of Defendants:** | 1 ✔ 2-7    8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes    No ✔ |
| **Venue (Per Crim. L.R. 18-1):** | SF ✔ OAK    SJ |
| **Is this a potential high-cost case?** | Yes    No ✔ |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes    No ✔ |
| **Is this a RICO Act gang case?** | Yes    No ✔ |
| **Assigned AUSA (Lead Attorney):** Katherine L. Wawrzyniak | **Date Submitted:** 05/06/2020 |
| **Comments:** | |

RESET FORM     SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)