**FILED**

Oct 05 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

**Instructions:** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

**CASE NAME:**
USA V. GEOFFREY MARK PALERMO, and ADAN ROLDAN

**CASE NUMBER:**
CR  CR 20-190 JD, CR 21-187 JD

| | | | |
|---|---|---|---|
| **Is This Case Under Seal?** | Yes | No ✔ | |
| **Total Number of Defendants:** | 1 | 2-7 ✔ | 8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes | No ✔ | |
| **Venue (Per Crim. L.R. 18-1):** | SF ✔ | OAK | SJ |
| **Is this a potential high-cost case?** | Yes | No ✔ | |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes | No ✔ | |
| **Is this a RICO Act gang case?** | Yes | No ✔ | |

**Assigned AUSA (Lead Attorney):** AUSA Christiaan Highsmith

**Date Submitted:** 10/5/2021

**Comments:**

RESET FORM        SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)

United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED

Oct 05 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

GEOFFREY MARK PALERMO, and
ADAN ROLDAN,
a/k/a George Villanuevo,

DEFENDANT(S).

## SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. §§ 1343, 1346 – Wire Fraud and Honest Services Wire Fraud;
18 U.S.C. § 1014 – False Statement to a Federally Insured Bank;
26 U.S.C. § 7202 – Failure to Pay Over Tax;
18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/S/ Foreperson of the Grand Jury

Foreman

Filed in open court this ___5th___ day of

___October 2021___.

Clerk

Bail, $ __No Process__

Hon. Thomas S. Hixson, U.S. Magistrate Judge

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

FILED

Oct 05 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 20-190 JD |
|---|---|
| Plaintiff, | ) CASE NO. CR 21-187 JD |
| v. | ) VIOLATIONS: |
| GEOFFREY MARK PALERMO, and ADAN ROLDAN, a/k/a George Villanuevo, | ) 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; |
| | ) 18 U.S.C. §§ 1343, 1346 – Wire Fraud and Honest Services Wire Fraud; |
| Defendants. | ) 18 U.S.C. § 1014 – False Statement to a Federally Insured Bank; |
| | ) 26 U.S.C. § 7202 – Failure to Pay Over Tax; |
| | ) 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| | ) SAN FRANCISCO VENUE |

S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

At all times relevant to this Indictment, unless otherwise indicated:

Defendant and Relevant Entities

1. Defendant GEOFFREY MARK PALERMO was an individual who resided in Novato, California and conducted business in San Francisco, California and elsewhere.

2. Defendant ADAN ROLDAN was an individual who resided in the Northern District of California, and elsewhere, and conducted business in San Francisco, California, and elsewhere.

SECOND SUPERSEDING INDICTMENT

3.     GMP Management Corporation ("GMP Management") was a California corporation wholly owned and controlled by PALERMO. GMP Management's primary business was the administration and management of hotels.

4.     GMP Cars LLC ("GMP Cars") was a California limited liability company majority owned and controlled by PALERMO. GMP Cars operated a set of collision and auto repair centers in the Bay Area. The GMP Cars corporate office was located in Novato, California.

5.     A. Roldan Construction, Inc. ("A. Roldan Construction") was a California corporation wholly owned and controlled by ROLDAN. A. Roldan Construction's primary business was construction and general contracting.

<u>Conduct Related to the Hilton San Francisco</u>

6.     Starting no later than 2008 and continuing until approximately June 2016, PALERMO managed the Hilton hotel located at 750 Kearny Street in San Francisco, California ("Hilton San Francisco"). During this time period, the Hilton San Francisco was owned and operated by Justice Investors LP ("Justice Investors"), a California entity. PALERMO was a minority partner in Justice Investors. He also held the title of Managing Director of Justice Investors from approximately November 2008 until his resignation on or about June 8, 2016. As an officer of Justice Investors, PALERMO owed fiduciary duties to Justice Investors, including the duty to refrain from self-dealing.

7.     From on or about December 1, 2013 through on or about June 8, 2016, GMP Management had a Management Services Agreement with Justice Investors for administration and management of the Hilton San Francisco.

8.     PALERMO was the President of GMP Management and had authority, under the Management Services Agreement, to enter into contracts on behalf of Justice Investors, choose contractors, and otherwise manage construction and capital improvement projects at the Hilton San Francisco.

9.     PALERMO opened Justice Investors' accounts at East West Bank and Wells Fargo Bank. He had signing authority for the accounts.

10.    Two of the contractors PALERMO hired to perform work at the Hilton San Francisco between December 2013 and June 2016 were ROLDAN and Contractor 2.

SECOND SUPERSEDING INDICTMENT        2

      a.    ROLDAN owned and operated A. Roldan Construction, which did work at the Hilton San Francisco. Between 2013 and 2016, Justice Investors paid ROLDAN, through A. Roldan Construction, approximately $6.4 million for various construction projects.

      b.    Contractor 2 owned and operated a construction company and a consulting firm in San Francisco, California. Contractor 2 worked on various projects at the Hilton San Francisco. In late 2013, PALERMO selected Contractor 2's construction company to be the general contractor for a large renovation project at the Hilton San Francisco. Contractor 2 was paid over $2 million by Justice Investors in 2014 and 2015 for work performed in connection with the renovation project.

11. PALERMO reviewed and approved invoices to Justice Investors from companies controlled by ROLDAN and Contractor 2.

12. PALERMO terminated the Management Services Agreement with Justice Investors on or about June 8, 2016 and vacated his offices at the Hilton San Francisco.

### Conduct Related to GMP Cars

13. After departing the Hilton San Francisco, PALERMO worked at GMP Cars. PALERMO was the Managing Member of GMP Cars and was responsible for the overall strategic direction of the company and for securing financing and investment in the company as needed.

14. GMP Cars pursued an expansion strategy between 2016 and 2019, acquiring several new locations, including the German Motors Collision Center in San Francisco, California in January 2019. During the same time period, 2016 through 2019, PALERMO used GMP Cars' funds for his travel and his and his wife's Ferrari racing.

15. In 2018, PALERMO opened a number of GMP Cars business accounts at CommerceWest Bank, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC). By August 2019, many of the GMP Cars accounts were on CommerceWest Bank's daily overdraft report. As of September 30, 2019, one of the accounts was overdrawn by over $700,000. CommerceWest Bank thereafter restricted the GMP Cars accounts. CommerceWest Bank communicated directly with PALERMO about the overdrafts.

16. In 2019, PALERMO opened GMP Cars business accounts at Redwood Credit Union and

SECOND SUPERSEDING INDICTMENT    3

CalPrivate Bank. CalPrivate Bank is FDIC insured and also a U.S. Small Business Administration ("SBA") preferred lender.

17. By 2019, PALERMO was seeking additional funding for GMP Cars. Many GMP Cars location were losing money. Employees' paychecks sometimes bounced. GMP Cars was not making payments as required under the promissory note executed in connection with the German Motors Collision Center acquisition, requiring two modifications of the promissory note. GMP Cars was behind on paying many vendors. At PALERMO's direction, by at least mid-2019 GMP Cars stopped paying California payroll taxes for some or all of its employees.

18. The SBA 7(a) Loan Program is designed to encourage lenders to make loans to small businesses that have weaknesses in their loan applications. An SBA 7(a) loan provides the lender with an increased guaranty against default. SBA 7(a) loans are ordinarily for a maximum of $5 million, with the SBA guaranteeing a maximum of 75 percent.

19. On or about August 8, 2019, PALERMO began the process of applying for two SBA 7(a) loans for GMP Cars with ReadyCap Lending LLC ("ReadyCap"), an SBA preferred lender. PALERMO applied for a $1,584,000 SBA loan to purchase commercial real estate, and a $3,250,000 SBA loan to refinance business debt and to buy out PALERMO's silent partner in GMP Cars.

20. As part of the application process, PALERMO furnished a debt schedule and financial statements for GMP Cars as of June 30, 2019. ReadyCap used these documents to underwrite the loan and to determine whether it should be approved and funds disbursed. As part of the closing process, PALERMO furnished an updated debt schedule and financial statements for GMP Cars as of September 30, 2019. In signing the loan applications, PALERMO acknowledged that making a false statement could result in federal prosecution.

21. On October 1, 2019, ReadyCap issued a conditional commitment letter to GMP Cars and stated that the loan applications would be submitted to the SBA for consideration. The loans were ultimately approved and closed on or about December 19, 2019.

22. The SBA's Paycheck Protection Program (PPP) was a relief program designed to provide a direct incentive for small businesses to keep their workers on the payroll during the COVID-19 pandemic. PPP funds could be used to pay up to eight weeks of payroll costs, including benefits, and

SECOND SUPERSEDING INDICTMENT    4

also for rent, utilities, and interest on mortgages.  Small businesses could apply through any participating lender.  On the PPP Borrower Application Form, an applicant had to certify, among other things, that it "was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099 MISC."  An applicant also had to acknowledge that making a false statement in the application or supporting documents and forms could result in federal prosecution.

23.  On or about April 3, 2020, PALERMO applied for a PPP loan for GMP Cars LLC through CalPrivate Bank.  On the Borrower Application Form, he stated that GMP Cars had 133 employees with monthly payroll obligations of $693,461.  The loan amount was auto calculated to $1,733,000 based on this information.  On the Borrower Application Form, PALERMO made the above certification that he paid salaries and payroll taxes for the GMP Cars employees, and as part of the application process submitted records that purported to be Payroll Summaries for GMP Cars.  By no later than April 17, 2020, PALERMO's application had been processed and $1,733,000 had been wired to GMP Cars' account at CalPrivate Bank.

GMP Cars' Employment Tax Withholding

24.  Beginning no later than 2016 and continuing through no earlier than 2020, GMP Cars withheld taxes from its employees' paychecks, including federal income taxes, Medicare, and Social Security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes).  These taxes will be referred to in this Second Superseding Indictment collectively as "payroll taxes."

25.  Beginning no later than 2016 and continuing through no earlier than 2020, GMP Cars was required to make deposits of the payroll taxes to the Internal Revenue Service on a periodic basis.  In addition, GMP Cars was required to file, following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

26.  Beginning no later than 2016 and continuing through no earlier than 2020, PALERMO was the Managing Member of GMP Cars.  As Managing Member of GMP Cars, PALERMO was a "responsible person," that is, he had the corporate responsibility to collect, truthfully account for, and

SECOND SUPERSEDING INDICTMENT         5

pay over GMP Cars' payroll taxes.

27. Throughout the calendar years 2016, 2017, 2018, 2019, and 2020, GMP Cars withheld payments from its employees' paychecks.

28. During the First, Second, Third, and Fourth calendar quarters in 2018, GMP Cars failed to accurately account for and pay over approximately $1,036,400.19 in payroll taxes, as set forth below:

    a. First Quarter of 2018:    $216,253.54
    b. Second Quarter of 2018:    $276,666.37
    c. Third Quarter of 2018:    $227,596.96
    d. Fourth Quarter of 2018:    $315,883.32

COUNT ONE:    (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

29. Paragraphs 1 through 12 are re-alleged and incorporated as if fully set forth here.

30. Beginning at a date unknown, but no later than in or about 2013 and continuing through in or about June 2016, in the Northern District of California and elsewhere, the defendants,

GEOFFREY MARK PALERMO, and<br>
ADAN ROLDAN,

and others, did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, and, for the purpose of executing such a scheme or artifice and attempting to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

THE CONSPIRACY AND SCHEME TO DEFRAUD

31. The scheme deprived Justice Investors of its money and property by ROLDAN creating and submitting fraudulent and inflated invoices to the Hilton San Francisco, which were paid by PALERMO using Justice Investors' funds, and which ROLDAN used to pay kickbacks to PALERMO, which in turn resulted in PALERMO continuing to hire ROLDAN to perform work at the Hilton San Francisco

32. The scheme involved the following acts, among others, which were committed or caused

SECOND SUPERSEDING INDICTMENT    6

to be committed, in the Northern District of California and elsewhere:

    a.    Starting no later than January 2013, PALERMO hired ROLDAN and his company, A. Roldan Construction, to complete capital improvement projects at the Hilton San Francisco.

    b.    ROLDAN created fraudulent or inflated invoices that were padded to cover sums that ROLDAN would later kick back to PALERMO.

    c.    ROLDAN submitted these fraudulent and inflated invoices to Justice Investors for the capital improvement projects which PALERMO hired A. Roldan Construction to perform.

    d.    PALERMO paid and caused to be paid checks from Justice Investors' bank accounts to ROLDAN for fraudulent and inflated invoices for those capital improvement projects.

    e.    Between January 2013 and June 2016, PALERMO signed or authorized approximately 455 checks from Justice Investors' accounts to ROLDAN and A. Roldan Construction totaling approximately $6.4 million.

    f.    From 2013 through 2016, ROLDAN transferred some of this $6.4 million from an account ending in the last 4 digits 5672 in the name of A. Roldan Construction to an account ROLDAN controlled in the name of The Bahama Reef Living Trust ("Bahama Reef account") ending in the last 4 digits 3273. Often, ROLDAN would deposit Justice Investors' funds in the A. Roldan Construction account and transfer some of those funds to the Bahama Reef account on the same day.

    g.    On October 21, 2015, ROLDAN deposited four checks from Justice Investors in the A. Roldan Construction Account ending in the last 4 digits 5672, totaling approximately $145,915. These checks corresponded to inflated invoices ROLDAN had submitted for capital improvement projects at the Hilton San Francisco. The same day, October 21, 2015, ROLDAN transferred $125,000 from the A. Roldan Construction account, ending in the last 4 digits 5672, to the Bahama Reef account, ending in the last 4 digits 3273. Also on October 21, 2015, ROLDAN wrote check #1107 for $125,000 from the Bahama Reef account, ending in the last 4 digits 3273, with the memo "2016 Porsche RS" to an account controlled by PALERMO.

SECOND SUPERSEDING INDICTMENT    7

    h. From 2013 through February 2016, ROLDAN wrote checks from the Bahama Reef account to various bank accounts controlled by PALERMO totaling approximately $1,535,965 in kickbacks funneled to PALERMO through ROLDAN's Bahama Reef account. These checks were processed through the Federal Reserve System, whose computer servers are located outside California.

    i. Based on the kickbacks ROLDAN paid to PALERMO, PALERMO continued to hire ROLDAN to perform work at the Hilton San Francisco and paid ROLDAN through at least May 11, 2016.

    j. On May 5, 2016, PALERMO signed and authorized check #4744 for $5,000 paid from Justice Investors to A. Roldan Construction, which check ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California.  The memo line check #4744 contained the notation "Moving Documents to Outside Storage".  This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

    k. On May 11, 2016, PALERMO signed and authorized check #4715 for $4,000 paid from Justice Investors to A. Roldan Construction, which check ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California.  The memo line on check #4715 contained the notation "Moving Miscellaneous to Outside Storage".  This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

    l. On May 11, 2016, PALERMO signed and authorized check #4716 for $25,000 paid from Justice Investors to A. Roldan Construction, which ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California.  The memo line on check #4716 contained the notation "Hilton Guest Counter Top Support Supplies".  This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

  33. As part of the conspiracy and scheme to defraud, PALERMO and ROLDAN engaged in conduct and made material false representations, promises, and omissions, and engaged in acts of

concealment, including, but not limited to, the following:

    a.    PALERMO did not disclose to Justice Investors the kickbacks he received from ROLDAN.

    b.    From January 2013 to May 2016, ROLDAN submitted fraudulent and inflated invoices for capital improvement projects and other work performed at the Hilton San Francisco in order to conceal the kickbacks he was paying and had paid to PALERMO.

    c.    ROLDAN wrote false entries in the memo line of checks from the Bahama Reef account to bank accounts controlled by PALERMO. Those false memo line entries included, but were not limited to, the terms and phrases "Rent", "Rent Balance on '56 Packard", "56 Mercedes deposit", and "64 Jaguar restoration". The entries on the memo line of these checks were designed to conceal that the checks were actually kickbacks to PALERMO.

    d.    On October 21, 2015, ROLDAN falsely wrote "2016 Porsche RS" on the memo line of check #1107 for $125,000 from the Bahama Reef account to an account controlled by PALERMO. The entry on the memo line was designed to conceal that the check was actually a kickback to PALERMO.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO AND THREE:    (18 U.S.C. §§ 1343 and 1346 – Wire Fraud, Honest Services Wire Fraud)

34.    Paragraphs 1 through 33 of this Second Superseding Indictment are re-alleged and incorporated as if fully set forth here.

35.    Beginning at a date unknown, but no later than in or about December 2013 and continuing through in or about June 2016, in the Northern District of California and elsewhere, the defendant

GEOFFREY MARK PALERMO,

and others, knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

SECOND SUPERSEDING INDICTMENT    9

## THE SCHEME AND ARTIFICE TO DEFRAUD

36. PALERMO sought to deprive Justice Investors of its intangible right to PALERMO's honest and faithful services, through bribery and kickbacks, and to cause Justice Investors to pay false or inflated invoices from Contractor 1 and Contractor 2 without disclosing his personal, financial interest in the transactions.

## MANNER AND MEANS

37. As part of the manner and means of carrying out the scheme and artifice, PALERMO, while an officer and fiduciary of Justice Investors, engaged in certain conduct and made, in sum and substance, materially false and fraudulent pretenses, representations, and promises to Justice Investors and concealed material facts from Justice Investors. PALERMO secretly demanded, received, and accepted money and things of value from ROLDAN and Contractor 2 in exchange for PALERMO's failing to faithfully perform his duties under the Management Services Agreement with Justice Investors for the Hilton San Francisco, contrary to the interests of Justice Investors, including but not limited to the following:

   a. Directing ROLDAN and Contractor 2 to create false and inflated invoices to Justice Investors;
   b. Causing Justice Investors to pay the false and inflated invoices;
   c. Causing ROLDAN and Contractor 2 to pay kickbacks and bribes to PALERMO via check and cash;
   d. Converting for his own use the money he unlawfully obtained from ROLDAN and Contractor 2.

## THE USE OF THE WIRES

38. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant

GEOFFREY MARK PALERMO,

and others known and unknown, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and

SECOND SUPERSEDING INDICTMENT     10

sounds, specifically wire communications as set forth below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| TWO | On or about May 11, 2015 | Electronic images of check #33412 for $40,000 from Contractor 2's account at Trans Pacific National Bank in San Francisco, California, to a bank account owned and controlled by PALERMO at East West Bank in Pasadena, California |
| THREE | On or about October 22, 2015 | Electronic images of check #1107 for $125,000 from ROLDAN's account at Redwood Credit Union, to a bank account owned and controlled by PALERMO at East West Bank in Pasadena, California |

All and each in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNT FOUR:       (18 U.S.C. § 1343 – Wire Fraud)

39.     Paragraphs 1, 3, 4 and 13 through 23 of this Second Superseding Indictment are re-alleged and incorporated as if fully set forth here.

40.     Beginning in or about August 2019 and continuing through in or about December 2019, in the Northern District of California and elsewhere, the defendant,

GEOFFREY MARK PALERMO,

and others, knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

THE SCHEME AND ARTIFICE TO DEFRAUD

41.     PALERMO and others sought to obtain approximately $5,000,000 in loans for GMP Cars from ReadyCap. The SBA guaranteed 75% of the loans. PALERMO made several material omissions and false statements during the loan application process in order to induce ReadyCap to make the loans.

MANNER AND MEANS

42.     PALERMO and others, known and unknown, used the following manner and means, among others, to accomplish the object of the scheme:

   a.    Failing to disclose that GMP Cars' business banking accounts at CommerceWest Bank were overdrawn by more than $700,000 as of September 30, 2019 and had been

SECOND SUPERSEDING INDICTMENT       11

restricted by CommerceWest Bank;

b. Presenting false bank statements showing inflated cash balances for GMP Cars' accounts at Redwood Credit Union;

c. Submitting an incomplete debt schedule as of September 30, 2019;

d. Submitting financial statements which falsely showed that each GMP Cars location generated positive net income in 2019 and inflated overall revenue for GMP Cars; and

e. Misleading ReadyCap about the terms of repayment on the promissory note executed in connection with GMP Cars' January 2019 acquisition of German Motors Collision Center by presenting a falsified version of the promissory note.

## THE USE OF THE WIRES

43. On or about December 19, 2019, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant,

GEOFFREY MARK PALERMO,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, a $111,101.91 wire transfer from an account in the name of Old Republic Title company to a Redwood Credit Union account in the name of GMP Cars LLC.

All in violation of Title 18, United States Code, Section 1343.

COUNT FIVE:    (18 U.S.C. § 1014 – Making a False Statement to a Bank)

44. Paragraphs 1, 3, 4 and 13 through 2 of this Second Superseding Indictment are re-alleged and incorporated as if fully set forth here.

45. On or about April 3, 2020, in the Northern District of California and elsewhere, the defendant,

GEOFFREY MARK PALERMO,

did knowingly make and cause to be made false statements in an SBA Paycheck Protection Program Borrower Application Form, and did make and submit false and fraudulent documents and statements in support of the application, for the purpose of influencing the actions of CalPrivate Bank, a financial

SECOND SUPERSEDING INDICTMENT    12

institution insured by the Federal Deposit Insurance Corporation. Specifically, the defendant falsely certified that GMP Cars LLC had employees for whom it paid salaries and payroll taxes and submitted a purported payroll summary showing that payroll taxes were being accrued and paid, when in fact defendant had caused GMP Cars not to pay payroll taxes properly in 2019 and 2020.

All in violation of Title 18, United States Code, Section 1014.

COUNTS SIX THROUGH NINE:   (18 U.S.C. § 7202 – Failure to Collect or Pay Over Tax)

46.   Paragraphs 1, 3, 4, 13 through 28, 44, and 45 of this Second Superseding Indictment are re-alleged and incorporated as if fully set forth here.

47.   Beginning no later than April 16, 2018, and continuing through no earlier than January 31, 2019, in the Northern District of California and elsewhere, the defendant,

GEOFFREY MARK PALERMO,

did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the federal incomes taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owning to the United States on behalf of GMP Cars and its employees for each of the following quarters of 2018, with each calendar quarter constituting a separate count of this Second Superseding Indictment:

| COUNT | QUARTER |
|---|---|
| SIX | First quarter of 2018 |
| SEVEN | Second quarter of 2018 |
| EIGHT | Third quarter of 2018 |
| NINE | Fourth quarter of 2018 |

Each of these counts is a separate violation of Title 26, United States Code, Section 7202.

FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c))

48.   The allegations contained in this Second Superseding Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

49.   Upon conviction for any of the offenses set forth in this Second Superseding Indictment, the defendant,

GEOFFREY MARK PALERMO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

982(a)(2), and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including, but not limited to:

    a. a forfeiture money judgment; and

    b. a 2015 Ferrari F12 (VIN No. ZFF74UFA0F0210411).

50. Upon conviction for Count One in this Second Superseding Indictment, the defendant,

ADAN ROLDAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations

51. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//
//
//
//
//
//
//
//
//

SECOND SUPERSEDING INDICTMENT     14

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: October 5, 2021                                              A TRUE BILL.


                                                                                  /S/
                                                                                 FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney


   /S/
CHRISTIAAN H. HIGHSMITH
ALEXANDRA SHEPARD
Assistant United States Attorneys

SECOND SUPERSEDING INDICTMENT     15

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN

BY:  ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  
☒ SUPERSEDING

Name of District Court,
NORTHERN DIS...
SAN FRA...

**FILED**
Oct 05 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## OFFENSE CHARGED

Ct 1 - 18 U.S.C. §§ 1349 - Conspiracy to commit wire fraud
Cts 2 & 3: 18 U.S.C. §§ 1343, 1346 -- Wire Fraud and Honest Services Wire Fraud;
Ct 4: 18 U.S.C. § 1343 -- Wire Fraud;
Ct 5: 18 U.S.C. § 1014 -- False Stmt. in Loan App.
Cts 6-9: 18 U.S.C. § 7202 - Failure to collect or pay tax
18 U.S.C. § 981 and 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  Cts 1-4: 20 yrs. prison; $250,000 fine, or twice the gross gain/loss; 3 yrs. sup. release; and $100 spc. assessment
Ct 5: 30 yrs. prison; $1,000,000 fine; 3 yrs. sup. release; and $100 spc. assessment
Cts 6-9: 5 yrs. prison;  $10,000 fine; 3 yrs. sup. rel.; $100 spc. assess.

### DEFENDANT - U.S

▶ Geoffrey Mark Palermo

DISTRICT COURT NUMBER
CR 20-190 JD; CR 21-187 JD

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
20-mj-70681

Name and Office of Person Furnishing Information on this form
Stephanie M. Hinds
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)
Christiaan Highsmith

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
N.D. Cal.

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT    ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

**FILED**
Oct 05 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## OFFENSE CHARGED

18 USC § 1349 - conspiracy to commit wire fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** 20 yrs. prison; $250,000 fine, or twice the gross gain/loss; 3 yrs. supervised release; and $100 spc. assess.

## DEFENDANT - U.S
▶ Adan Roldan

**DISTRICT COURT NUMBER**
20-cr-190 JD; 21-cr-187 JD

## PROCEEDING

**Name of Complaintant Agency, or Person (& Title, if any)**
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY    ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on this form**    Stephanie M. Hinds
☒ U.S. Attorney    ☐ Other U.S. Agency

**Name of Assistant U.S. Attorney (if assigned)**    Christiaan H. Highsmith

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
     ND Cal

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed    Month/Day/Year

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS    ☒ NO PROCESS*    ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

**Defendant Address:**

Date/Time: _____    Before Judge: _____

Comments: