UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFREY MARK PALERMO,<br><br>Defendant. | Case No. 3:20-cr-00190-JD-1<br>3:21-cr-00187-JD-1<br><br>**ORDER RE REMAND** |

After the government adduced substantial evidence that defendant Geoffrey Palermo has engaged in several fraudulent schemes to obtain money under false names and pretenses from innocent victims, the Court revoked his pretrial release in favor of detention pending trial. Dkt. No. 208. Custody was ordered after a hearing pursuant to 18 U.S.C. § 3148(b) and on the basis of the Court's conclusion that there was probable cause to believe that Palermo had committed a federal or state crime while on pretrial release, and that there was clear and convincing evidence that Palermo had violated his conditions of release. *See id.*[1] The record demonstrated that there were no conditions of release that would assure that Palermo would not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. §§ 3148(b), 3142(g).

Palermo now asks the Court to "revisit" pretrial detention on the basis of "supplemental information regarding his medical condition, his wife's medical condition, and factual rebuttals to the claims alleged by the government." Dkt. No. 213 at 1. The government filed an opposition. Dkt. No. 217. Palermo's motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Dkt. No. 220. Reconsideration is denied and Palermo will remain in custody.

The reasons for this conclusion are straightforward. To start, Palermo's request -- which is styled as a motion for reconsideration and does not articulate any other statutory or rule provision

---

[1] Citations are to the docket in Case No. 20-cr-190.

under which it is brought -- does not meet any of the conditions that might open the door to further review of the detention order. "Under our Civil Local Rules, applicable here through Criminal Local Rule 2-1, reconsideration of an order is possible if: (1) 'a material difference in fact or law exists from that which was presented to the Court' before entry of the order, which in the exercise of reasonable diligence was not known by the party seeking reconsideration; or (2) new material facts have emerged or a change of law has occurred; or (3) there was a 'manifest failure by the Court to consider material facts or dispositive legal arguments' that had been presented before the order." *United States v. Florida*, No. 14-cr-00582-JD, 2017 WL 1374599, at *1 (N.D. Cal. Apr. 17, 2017) (quoting Civil L.R. 7-9(b)).[2] Palermo has not attempted to explain how any of these conditions are satisfied, or said why the ostensible grounds for reconsideration could not have been presented earlier. *See generally* Dkt. No. 213.

The information Palermo presses is not "new" in any material way. As the government states, Palermo does little more than nip at the margins of his schemes, and did not provide any evidence that might call into question the government's showing of misconduct while on release. The government's core facts in support of remand and detention, which are well supported in the record, *see* Dkt. Nos. 199-1, 217-1, have not been meaningfully challenged by Palermo.

Two examples put a finer point on Palermo's evidentiary shortfall. In the initial remand proceeding, the government provided evidence that "Palermo made false representations to a lender to obtain a $200,000 loan." Dkt. No. 202 at 11; *see also* Dkt. No. 199-1 ¶ 29. The government established that "Palermo did not tell the lender that he planned to use the money to pay his criminal defense attorney," and that days after the money was wired into Palermo's wife's bank account, "Palermo wired $180,000" to his criminal defense firm. *Id.* at 11-12. Palermo now says that the lender, an individual known here as MH, "was in fact aware of the nature of the loan

---

[2] A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). To the extent that Palermo's request for reconsideration can be construed as a motion to reopen the detention hearing, it is denied for the reasons stated herein.

2

when he made" it. Dkt. No. 213 at 4. But an interview of MH conducted by FBI Special Agent Alexandra Bryant demonstrates otherwise:

> In late 2022 Palermo asked [lender MH] for a $200,000 loan . . . . Palermo said he had three business deals that were about to close that would help him pay back all the money he owed Pacific Private Money. Palermo just needed $200,000 to finish the business deals. The three business deals were related to the sale of farm equipment, an expensive watch, and some sort of property referred to as "Ashland".
>
> [MH] did not know Palermo used the $200,000 to pay his criminal attorney. Palermo might have mentioned needing to pay an attorney in relationship to the farm equipment. [MH] thought he might have been fooled and was probably told nonsense by Palermo. A lot of customers in the hard money loan business talked nonsense. Palermo eventually told [MH] that the business deals were not going to work out.

Dkt. No. 217-1 at ECF p. 6. Palermo mentions a vague statement by MH to the effect that he had heard something about legal fees, *see* Dkt. No. 213-1 at 1, but the statement is consistent with the FBI's interview notes.[3]

In a similar vein, the government proffered evidence that Palermo had been arrested in June 2023 by the Novato Police Department for possession of a stolen vehicle and obtaining money by false pretenses. *See* Dkt. No. 202 at 12. The police report states that Palermo was arrested after taking a "vehicle to conduct repairs, accepting $34,000 for the repairs and then never returning the vehicle to the owners nor completing the work, attempting to sell the vehicle for an additional $4,500 and claiming legal ownership while the vehicle had been reported stolen by the owners." Dkt. No. 199-1 at ECF p. 20. Palermo does not dispute any of this, but merely seeks to pin blame on the vehicle's owners for not "inquir[ing] about the status of the repairs on the . . . car" and law enforcement for not seeking "clarity . . . regarding whether the [vehicle] had been legally abandoned." Dkt. No. 213 at 7. The effort to find an excuse in this manner does not call into question the fact that Palermo was engaging in yet another fraudulent scheme while on

---

[3] Palermo filed a belated supplemental declaration in which MH states that he "would have loaned Mr. Palermo the money regardless of what kind of legal work the funds were to be used for." Dkt. No. 221-1 at 2. This vague statement also does not directly refute the government's allegations or contradict the FBI's interview notes. Palermo has had at least three opportunities to address these allegations, *see* Dkt. No. 206 at 8; Dkt. No. 213 at 3-4; Dkt. No. 221 at 1, and each time he has fallen well short of meaningfully disputing them.

3

release. As Palermo acknowledges, the "case is currently pending in Marin and investigation is ongoing." Dkt. No. 221 at 4.

Palermo's closing grounds for reconsideration concern health issues. To the extent Palermo has health issues, the undisputed record indicates that he is receiving treatment in custody. *See* Dkt. No. 213 at 8; Dkt. No. 217 at 7. Nothing in the record suggests he is in such dire health circumstances as to warrant release, particularly in light of the threat and danger he poses to the community. For his wife, although the Court is sympathetic, her condition is not new and has been mentioned before on occasion by Palermo in prior proceedings. For present purposes, the salient fact is that Palermo abused his pretrial release status to engage in fraudulent schemes while fully knowing about his wife's circumstances. He is ill-situated to ask to be excused from custody on the basis of his wife's pre-existing condition.

Palermo's suggestion of additional conditions of pretrial release is not well taken. Pretrial services has already stated that they do not have the technology and resources to enforce the extensive, full-scale monitoring that would be necessary to protect the community. Palermo has not provided any evidence or argument to suggest otherwise.

**IT IS SO ORDERED.**

Dated: September 1, 2023

JAMES DONATO
United States District Judge

4